1  Michele R. Stafford, Esq. (SBN 172509)
   Matthew P. Minser (SBN 296344)
2  SALTZMAN & JOHNSON LAW CORPORATION
   44 Montgomery Street, Suite 2110
3  San Francisco, California  94104
   Telephone: (415) 882-7900
4  Facsimile: (415) 882-9287
   Email: mstafford@sjlawcorp.com
5  Email: mminser@sjlawcorp.com

6
   Attorneys for Plaintiffs, Operating Engineers'
7  Health and Welfare Trust Fund, et al.

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10

11 | OPERATING ENGINEERS' HEALTH AND          | Case No. C16-6724-CW
   | WELFARE TRUST FUND FOR NORTHERN          |
12 | CALIFORNIA, et al.,                      | **JUDGMENT PURSUANT TO STIPULATION**
   |                                          | AS MODIFIED
13 |              Plaintiffs,                 |
14 |     v.                                   |
15 | TAYLOR-BAILEY, INC., a California        |
   | Corporation; MICHAEL JOSEPH DIGUILIO, an |
16 | individual, and ROBERT CLARK COVEY, an   |
   | individual,                              |
17 |                                          |
18 |              Defendants.                 |

19      IT IS HEREBY STIPULATED and AGREED (the "Stipulation") by and between the parties

20 hereto that Judgment shall be entered in the within action in favor of Plaintiffs Operating Engineers'

21 Health and Welfare Trust Fund for Northern California, et al. ("Plaintiffs" or "Trust Funds") and against

22 Defendants Taylor-Bailey, Inc., a California corporation, and Defendant Robert Clark Covey, an

23 individual, as follows:

24      1.    Defendant Taylor-Bailey, Inc. is signatory to and bound by the terms of a Collective

25 Bargaining Agreement(s) ("Bargaining Agreement") with the Plaintiff Union ("Union"). The Bargaining

26 Agreement is still in full force and effect.

27      2.    Defendant Robert Clark Covey confirms that he is the RMO of Defendant Taylor-Bailey,

28

                                            1

1  Inc. and is authorized to enter into this Stipulation on behalf of Taylor-Bailey, Inc.

2      3.    Defendant Robert Clark Covey also confirms that he is personally guaranteeing the amounts due herein. Defendants Taylor-Bailey, Inc. and Robert Clark Covey (collectively "Defendants") specifically consent to the Court's jurisdiction, as well as to the use of a Magistrate Judge for all proceedings, including entry of judgment herein. Defendants further confirm that all successors in interest, assignees, and affiliated entities (including, but not limited to, parent or other controlling companies), and any companies with which either Defendant joins or merges, if any, shall also be bound by the terms of this Stipulation as Guarantors. This shall include any additional entities in which Defendant Robert Clark Covey is an officer, owner, or possesses any controlling ownership interest. All such entities shall specifically consent to the Court's jurisdiction, the use of a Magistrate Judge for all proceedings, and all other terms herein, in writing, at the time of any assignment, affiliation or purchase.

    4.    Defendants warrant that Defendant Michael Joseph DiGuilio is no longer part of Defendant Taylor-Bailey, Inc. and that he has no liability for the amounts due and owing herein.

    5.    Defendants are currently indebted to the Trust Funds as follows:

| Work Month | Total Contributions Reported Due | Unpaid Contributions | 20% Liquidated Damages[1] | 10% Interest (thru 6/18/17) | Subtotal Due |
|---|---|---|---|---|---|
| 8/16 | $25,021.73 | $25,021.73 | $5,004.35 | $1,824.76 | $31,850.84 |
| | | | | Total due, as shown above, for 8/16: | $31,850.84 |
| | | | 10% Liquidated Damages for Late Paid 10/15, 1/16, 4/16-5/16, 7/16 Contributions: | | $6,596.69 |
| | | | 20%[1] Liquidated Damages for Late Paid 6/16, 10/16-12/16 Contributions: | | $15,277.84 |
| | | | | 10% Per Annum Interest on Late Paid Contributions: | $2,243.46 |
| | | | | Attorneys' Fees (through 6/18/17): | $9,983.98 |
| | | | | Costs (through 6/18/17): | $1,324.16 |
| | | | | **TOTAL JUDGMENT:** | **$67,276.97** |

///
///
///
///
///

---

[1] Liquidated damages are calculated on the total reported due, pursuant to the terms of the Bargaining and Trust Agreements.

**REQUIREMENTS UNDER THE TERMS OF THIS STIPULATION**

6. **Notice requirements** pursuant to the terms of this Stipulation are as follows:

   a) Notices to Defendants: Robert Clark Covey, Taylor-Bailey, Inc., 355 Lafata Street, Suite E, St. Helena, CA 94574; email: coveyfamily4@yahoo.com ; and Bruce A. Miroglio, The Law Offices of Bruce A. Miroglio, 1250 Church Street, St. Helena, California, 94574; email: bruce@bamlegal.com

   b) Notices to Plaintiffs: Michele Stafford, Saltzman & Johnson Law Corp., 44 Montgomery Street, #2110, San Francisco, CA 94104; email: mstafford@sjlawcorp.com, copy to compliance@sjlawcorp.com

7. The requirements pursuant to the terms of this Stipulation are as follows:

   a) **Monthly Payments**: Defendants shall pay the amount of $40,398.09, representing all of the above amounts, less conditionally waived liquidated damages in the amount of $26,878.88.

   i) Payments in the amount of **$3,555.00 per month** shall begin on July 15, 2017, and continue on or before the 15th day of each month thereafter **for a period of twelve (12) months**. Plaintiffs may require that Defendants pay electronically by ACH/wire transfer, or by cashier's check.

   ii) Defendants shall have the right to increase the monthly payments at any time and there is no penalty for prepayment.

   iii) Payments shall be applied first to interest, at the rate of 10% per annum in accordance with the Bargaining Agreement and Trust Agreements. Interest shall begin to accrue on June 19, 2017.

   b) **Contributions:** Beginning with contributions due for hours worked by Defendants' employees during the month of May 2017, and for every month thereafter until this Judgment is satisfied, Defendants shall remain current in reporting and payment of contributions due to Plaintiffs under the terms of the Collective Bargaining Agreement(s).

   c) **Job Report:** Beginning with the month of June 2017, and for every month thereafter, Defendants shall fully disclose all jobs on which they are working by providing Plaintiffs with fully completed job reports on the form attached hereto as Exhibit A. Upon request by Plaintiffs, Defendants shall also provide Plaintiffs with copies of Certified Payroll Reports.

   d) **Audit:** Should the Trust Funds request an audit of Defendants' payroll records

pursuant to the requirements of the Bargaining Agreement(s) and/or Trust Agreements, Defendants must contact the auditor within seven days of receiving notice, and must schedule the audit as requested.

    i)  In the event that amounts are found due to Plaintiffs as a result of the audit, Plaintiffs shall send a copy of the audit report and written demand for payment to Defendants. In the event that the audit findings are not contested, payment in full shall be delivered to Michele Stafford at the address provided above.

    ii)  In the event that Defendants dispute the audit findings, Defendants must provide the dispute in writing, with all supporting documentation, within ten (10) days of the date of the demand. Defendants shall be notified as to whether revisions will be made to the audit. If revisions are not made, payment will be immediately due. If revisions are made, payment in full of the revised amount shall be immediately due.

    iii)  If Defendants are unable to make payment in full, Defendants may submit a request to add the amounts found due to this Stipulation. If the Stipulation is so revised, Defendants shall execute the Amended Judgment or Amendment to Judgment within ten days of receipt. Failure to execute the revised agreement shall constitute a default of the terms herein.

    iv)  Failure by Defendants to submit either payment in full or a request to add the amounts due to this Judgment within ten days of receipt shall constitute a default of the obligations under this agreement. All amounts found due on audit shall immediately become part of this Judgment.

    v)  Should the Trust Funds request an audit of Defendants' payroll records during the term of this Stipulation, this Judgment cannot be satisfied until the audit has been completed and any amounts due to Plaintiffs have been paid as set forth above.

  e) **Fees:** Defendants shall pay all additional attorneys' fees and costs incurred through the satisfaction of the Stipulation, whether or not a default occurs.

///
///
///
///
///

8. In summary, Defendants shall deliver the following payments and documents to Plaintiffs, at the following locations, on or before the following delivery deadlines, until this Stipulation has been fully satisfied:

| Required Submissions | Delivery deadlines[2] | Delivery locations |
|---|---|---|
| **Stipulated payments in the amount of $3,555.00** payable to *Operating Engineers Trust Funds* | 15th day of each month (7/15/17-6/15/18) | Michele R. Stafford Saltzman & Johnson Law Corp. 44 Montgomery Street, #2110 San Francisco, CA 94104 |
| **Current contribution reports and payments** payable to *Operating Engineers Trust Funds* | 6/25/17, for 5/17 hours only; 15th day of each month (beginning 7/15/17, for 6/17 hours) | Michele R. Stafford Saltzman & Johnson Law Corp. 44 Montgomery Street, #2110 San Francisco, CA 94104; Plus copies to: compliance@sjlawcorp.com (subject: "Taylor-Bailey"); Operating Engineers Trust Funds P.O. Box 3157 Hayward, CA  94540-3157 |
| **Completed job reports** (form attached as Exhibit A to Stipulation) **and Certified Payroll** (if requested) | 15th day of each month (beginning 7/15/17, for 6/17 hours) | compliance@sjlawcorp.com (subject: "Taylor-Bailey") or Michele R. Stafford Saltzman & Johnson Law Corp. 44 Montgomery Street, #2110 San Francisco, CA 94104 |

9. Failure to comply with any of the above terms, including submitting a payment that does not clear the bank, shall constitute a default of the obligations under this Stipulation.

## DEFAULTS UNDER THE TERMS OF THIS STIPULATION

10. If default occurs, Plaintiffs shall make a written demand to Defendants to cure said default *within seven (7) days of the date of the notice from Plaintiffs*. In the event default is not cured within the required time frame, all amounts remaining due hereunder (after application of principal payments made, if any) shall be due and payable on demand by Plaintiffs. These amounts shall include any additional (current) contributions/liquidated damages/interest, and additional attorneys' fees and costs incurred herein.

---

[2] If the Stipulation has not been fully satisfied by 6/15/18, all monthly submission requirements shall continue until all amounts have been paid and a Satisfaction of Judgment has been filed with the Court.

11. Any unpaid or late-paid contributions, together with 20% liquidated damages and 10% per annum interest, shall become part of this Judgment. Plaintiffs reserve all rights available to collect any contributions and related amounts not included herein. This includes, but is not limited to, any amounts due pursuant to employee timecards or paystubs, by audit, or other means. Should Defendants fail to submit a report for any month, contributions shall be estimated pursuant to Trust Fund policy. Defendants specifically waive the defense of the doctrine *res judicata* as to any such additional amounts determined as due.

12. A Writ of Execution may be obtained without further notice, in the amount of the unpaid balance plus any additional amounts due under the terms herein. Such Writ of Execution may be obtained solely upon declaration by a duly authorized representative of Plaintiffs setting forth the balance due as of the date of default.

### **MISCELLANEOUS PROVISIONS**

13. The above requirements remains in full force and effect regardless of whether or not Defendants have ongoing work, whether Defendants' account with the Trust Funds is active, or whether Defendants are signatory to a Collective Bargaining Agreement with the Union. If, for any reason, Defendants have no work to report during a given month, Defendants shall submit the job report form (Exhibit A attached hereto) indicating that there are no current jobs. If Defendants have no contributions to report, Defendants shall submit the applicable contribution report stating "no employees."

14. Payments made by joint check shall be endorsed on behalf of Defendants prior to submission, and may be applied toward Defendants' monthly stipulated payment, provided that the issuer of the joint check is not requesting a release in exchange for the payment. Joint checks for which a release is requested may not be applied toward Defendants' monthly stipulated payment, but shall be deducted from the total balance owed under this Stipulation, provided the payment is for contributions included in this Stipulation.

15. Prior to the last payment pursuant to this Stipulation, Plaintiffs shall advise Defendants as to the final amount due, including any current contributions and related amounts, and all additional attorneys' fees and costs incurred by Plaintiffs, whether or not Defendants default herein. Any additional amounts due shall be paid in full with the final stipulated payment due on June 15, 2018.

16. The conditional waiver of liquidated damages shall be presented to the Board of Trustees for consideration only after all amounts due under the terms of this Stipulation are paid in full, and Defendants' account is otherwise current. If the waiver is granted, a Satisfaction of Judgment will be filed with the Court once all payments have cleared the bank. If the waiver is not granted, the liquidated damages will be immediately due. The waiver may be granted with further conditions, such as paying timely and remaining current for an additional period of time.

17. Defendants waive any notice of Entry of Judgment or of any Request for a Writ of Execution, and expressly waive all rights to stay of execution and appeal.

18. Any failure on the part of Plaintiffs to take any action as provided herein in the event of any breach of the provisions of this Stipulation shall not be deemed a waiver of any subsequent breach.

19. Defendants have represented that they do not intend to file for Bankruptcy protection. In the event that Defendants file for Bankruptcy protection, Defendants specifically agree that the amounts due hereunder, which are employee benefits and related sums, shall not be dischargeable. Defendants agree to reaffirm this debt, and will not request that the debt be discharged.

20. Should any provisions of this Stipulation be declared or determined by any court of competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity, and enforceability of the remaining parts, terms or provisions shall not be affected thereby and said illegal, unenforceable or invalid part, term, or provisions shall be deemed not to be part of this Stipulation.

21. This Stipulation is limited to the agreement between the parties with respect to the sums enumerated herein, owed by Defendants to Plaintiffs. This Stipulation does not in any manner relate to withdrawal liability claims, if any. Defendants acknowledge that Plaintiffs expressly reserve their right to pursue withdrawal liability claims, if any, against Defendants and control group members, as provided by Plaintiffs' Plan documents, Trust Agreements incorporated into their Bargaining Agreements, and applicable laws and regulations.

22. This Stipulation contains all of the terms agreed to by the parties and no other agreements have been made. Any changes to this Stipulation shall be effective only if made in writing and signed by all parties hereto.

23. This Stipulation may be executed in any number of counterparts and by facsimile, each of

1   which shall be deemed an original and all of which shall constitute the same instrument.

2       24.   Defendants represent and warrant that they have had the opportunity to be or have been
3   represented by counsel of their own choosing in connection with entering this Stipulation under the
4   terms and conditions set forth herein, that they have read this Stipulation with care and are fully aware
5   of and represent that they enter into this Stipulation voluntarily and without duress.

6   ///
7   ///
8   ///
9   ///
10  ///
11  ///
12  ///
13  ///
14  ///
15  ///
16  ///
17  ///
18  ///
19  ///
20  ///
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

25. The parties agree that the Court shall retain jurisdiction of this matter until this Judgment is satisfied.

DATED: June ___, 2017        **TAYLOR-BAILEY, INC.**

By: _____/S/_____
Robert Clark Covey
RMO

DATED: June ___, 2017        **ROBERT CLARK COVEY**

By: _____/S/_____
Robert Clark Covey
Individually, as Defendant

DATED: July 17, 2017         **SALTZMAN & JOHNSON LAW CORPORATION**

By: _____/S/_____
Matthew P. Minser, Attorneys for Operating Engineers Health and Welfare Trust Fund, et al.

DATED: July 17, 2017         **OPERATING ENGINEERS LOCAL 3 TRUST FUNDS**

By: _____/S/_____
Sonya Brown, Fringe Benefits Director for Plaintiffs, Operating Engineers Local 3 Trust Funds

**APPROVED AS TO FORM:**          **THE LAW OFFICES OF BRUCE A. MIROGLIO**

_____/S/_____
Bruce A. Miroglio, Attorneys for Defendants Taylor-Bailey, Inc. and Robert Clark Covey

IT IS SO ORDERED.

   IT IS FURTHER ORDERED that the calendar in this matter is vacated, and that the Court shall retain jurisdiction over this matter, for one year after the date of this judgment.

Date: _____July   20_, 2017

_____
UNITED STATES DISTRICT [Judge Claudia Wilken signature/seal — IT IS SO ORDERED]

**Exhibit A: JOB REPORT FORM**
**Completed Forms Due by the 15th day of each month**
by email to compliance@sjlawcorp.com (subject line: *Taylor-Bailey*) , <u>or</u>
delivered to Saltzman & Johnson, 44 Montgomery St., Ste. 2110, San Francisco, CA 94104

**Employer: TAYLOR-BAILEY, INC.**

Report for the month of _____, 20__  Submitted by: _____

| | | | |
|---|---|---|---|
| **Project Name:** | | **Public or Private?** (Circle one) | |
| **Project Address:** | | | |
| **General Contractor:** | | | |
| **General Contractor Address:** | | | |
| **General Contractor Phone #:** | | **Project Manager Name:** | |
| **Project Manager Phone #:** | | **Project Manager email address:** | |
| **Contract #:** | | **Contract Date:** | |
| **Total Contract Value:** | | | |
| **Work Start Date:** | | **Work Completion Date:** | |
| **Project Bond #:** | | **Surety:** | |

| | | | |
|---|---|---|---|
| **Project Name:** | | **Public or Private?** (Circle one) | |
| **Project Address:** | | | |
| **General Contractor:** | | | |
| **General Contractor Address:** | | | |
| **General Contractor Phone #:** | | **Project Manager Name:** | |
| **Project Manager Phone #:** | | **Project Manager email address:** | |
| **Contract #:** | | **Contract Date:** | |
| **Total Contract Value:** | | | |
| **Work Start Date:** | | **Work Completion Date:** | |
| **Project Bond #:** | | **Surety:** | |

***Attach additional sheets as necessary***

1

25. The parties agree that the Court shall retain jurisdiction of this matter until this Judgment is satisfied.

DATED: June ___, 2017           TAYLOR-BAILEY, INC.

By: _____
Robert Clark Covey
RMO

DATED: June ___, 2017           **ROBERT CLARK COVEY**

By: _____
Robert Clark Covey
Individually, as Defendant

DATED: June ___, 2017           **SALTZMAN & JOHNSON LAW CORPORATION**

By: _____
Michele R. Stafford, Attorneys for Operating Engineers Health and Welfare Trust Fund, et al.

DATED: ~~June~~ July 17, 2017        **OPERATING ENGINEERS LOCAL 3 TRUST FUNDS**

By: _Sonya Brown, Fringe Benefits Director_
~~David E. Hayner, Collections Manager~~ for Plaintiffs, Operating Engineers Local 3 Trust Funds

**APPROVED AS TO FORM:**

THE LAW OFFICES OF BRUCE A. MIROGLIO

_____
Bruce A. Miroglio, Attorneys for Defendants Taylor-Bailey, Inc. and Robert Clark Covey

IT IS SO ORDERED.

IT IS FURTHER ORDERED that the calendar in this matter is vacated, and that the Court shall retain jurisdiction over this matter.

Date: _____, 2017      _____
UNITED STATES DISTRICT JUDGE

P:\CLIENTS\OE3CL\Taylor Bailey 3\Pleadings\Drafts\Judgment Pursuant to Stipulation 062017.docx

**JUDGMENT PURSUANT TO STIPULATION**
Case No. Case No. C16-6724-CW

25. The parties agree that the Court shall retain jurisdiction of this matter until this Judgment is satisfied.

DATED: June ___, 2017          **TAYLOR-BAILEY, INC.**

By: _____
Robert Clark Covey
RMO

DATED: June ___, 2017          **ROBERT CLARK COVEY**

By: _____
Robert Clark Covey
Individually, as Defendant

DATED: June ___, 2017          **SALTZMAN & JOHNSON LAW CORPORATION**

By: _____
Michele R. Stafford, Attorneys for Operating Engineers
Health and Welfare Trust Fund, et al.

DATED: June ___, 2017          **OPERATING ENGINEERS LOCAL 3 TRUST FUNDS**

By: _____
David E. Hayner, Collections Manager for Plaintiffs,
Operating Engineers Local 3 Trust Funds

**APPROVED AS TO FORM:**

THE LAW OFFICES OF BRUCE A. MIROGLIO

_____
Bruce A. Miroglio, Attorneys for Defendants Taylor-Bailey, Inc. and Robert Clark Covey

IT IS SO ORDERED.

IT IS FURTHER ORDERED that the calendar in this matter is vacated, and that the Court shall retain jurisdiction over this matter.

Date: _____, 2017

_____
UNITED STATES DISTRICT JUDGE